UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR CHAVEZ GUTIERREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>WAISH, et al.,<br><br>  Defendants. | No. 1:25-cv-01091-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION<br><br>(ECF No. 5) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

Plaintiff filed the instant action on August 28, 2025.

On September 2, 2025, the Court ordered Plaintiff pay the $405.00 filing fee or submit the proper application to proceed in forma pauperis. (ECF No. 3.) Plaintiff failed to comply with the Court's order. Therefore, on October 28, 2025, the Court ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 5.)

Plaintiff has failed to respond to the Court's October 8, 2024, order and the time to do so has expired. Therefore, dismissal of the action is warranted.

1

## II.

## DISCUSSION

Local Rule 110 provides that "[f]ailure ... of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Serv., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

Here, Plaintiff has not completed an application to proceed in forma pauperis or paid the filing fee, and this case cannot proceed without Plaintiff's compliance with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air W., 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that

direction," which is the case here. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132–33; Henderson, 779 F.2d at 1424.  The Court's September 2, 2025, order expressly warned Plaintiff that his failure to comply with the Court's order to file completed application to proceed in forma pauperis (or to pay the filing fee for this action) "will result in dismissal of this action." (ECF No. 3.)  Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has failed to file a complete the process to proceed in forma pauperis or pay the filing for this action.  Thus, Plaintiff's failure to pay the filing fee or proceed in forma pauperis makes monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

### III.

### ORDER AND RECOMMENDATIONS

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey Court orders and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within fourteen (14)** days after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages, including exhibits. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised

that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **November 21, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4